# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME CAPELTON,<br><br>        Petitioner,<br><br>    v.<br><br>DAVID SHINN, Warden,<br><br>        Respondent. | Case No. ED CV 18-01184-AFM<br><br>**MEMORANDUM AND ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

## BACKGROUND

On June 1, 2018, petitioner, a federal prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The petition challenges a prison disciplinary finding that resulted in, among other things, the loss of 27 days of good conduct time. Respondent filed a motion to dismiss the petition on the ground that petitioner has failed to exhaust his administrative remedies. Following an extension of time granted on the Court's own motion, Petitioner had to and including

---

[1] At the time he filed the petition, petitioner was incarcerated in the United States Penitentiary, Victorville, located in San Bernardino County, California. (ECF No. 1.) Although petitioner subsequently was transferred to Bennettsville, South Carolina, the Court retains jurisdiction over this petition. *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)*; see also Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980).

November 28, 2018 in which to file an opposition to the motion. (ECF No. 20.) As of the date of this order, however, petitioner has neither filed an opposition nor requested additional time within which to do so.

**DISCUSSION**

Generally, a federal prisoner is required to exhaust his administrative remedies prior to seeking a writ of habeas corpus under 28 U.S.C. § 2241. *See Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2011) (per curiam); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see generally Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam) (exhaustion of administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum," conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings").

The BOP has established administrative procedures that may be used by a federal prisoner to seek review of any aspect of his imprisonment. *Martinez*, 804 F.3d at 571; 28 C.F.R. § 542.10 *et seq*. An inmate is first generally required to "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue...." 28 C.F.R. § 542.13. Next, the inmate must raise a complaint to the warden of the institution where he is confined via a "Request for Administrative Remedy." The inmate may appeal an adverse decision by the warden to the Regional Director, and an adverse decision by the Regional Director may be appealed to the General Counsel. An inmate completes the administrative appeals process by appealing to the General Counsel. 28 C.F.R. § 542.15; *see Nigro v. Sullivan,* 40 F.3d 990, 992 (9th Cir. 1994).

On September 28, 2017, after a disciplinary hearing was conducted, petitioner was found to have committed a disciplinary violation. Among the sanctions imposed, petitioner lost 27 days of good conduct time. (ECF No. 14, Declaration of Godwin

("Godwin Decl.") ¶¶ 6-7, 15, 21 & Exhibit ("Ex.") B.) On March 8, 2018, petitioner filed an administrative appeal in the BOP Central Office challenging the disciplinary decision. On March 19, 2018, the BOP Central Office denied the appeal because it was filed at the wrong level and because it was untimely. Petitioner did not seek further review. That is, he never raised his claims regarding the disciplinary finding to the Regional Director or the General Counsel. (Godwin Decl., ¶ 23 & Ex. C.) Accordingly, petitioner has not exhausted his administrative remedies.

Courts have discretion to waive the exhaustion requirement where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *See Laing v. Ashcroft*, 370 F.3d 994, 1000-1001 (9th Cir. 2004) (citation omitted); *see also Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990). Here, petitioner does not contend that exhaustion would be futile or that his administrative remedies are inadequate or ineffective. Further, although petitioner's single attempt to appeal the disciplinary finding was rejected in part because it was filed outside of the time limits, the filing deadline may be extended if the inmate demonstrates a valid reason for the delay. *See* 28 C.F.R. §§ 542.14(b), 28 C.F.R. 542.15(a). Thus, it is not clear from the record that petitioner lacks available administrative remedies, and there is no basis under the current record upon which to excuse the exhaustion requirement. [2]

///
///
///
///
///

---

[2] Pursuant to Local Rule 7-12, the failure to file an opposition may be deemed consent to the granting of the motion. Therefore, the motion to dismiss also may be granted on the basis of petitioner's failure to oppose it.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that respondent's motion to dismiss the petition is granted, and the petition is dismissed without prejudice.

DATED: 12/12/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE